UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOHN EDWARD CONLEY, | ) | |
| | ) | |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-303-DBH |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     Defendant | ) | |

# REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") case, before this court for a second time, *see Conley v. Astrue,* Civil No. 08-202-P-S, 2009 WL 214557 (D. Me. Jan. 28, 2009), *aff'd* February 18, 2009 (Docket No. 12), contends that the administrative law judge erred by omitting limitations found by a state agency consultant, interpreting raw medical evidence, and omitting from the plaintiff's residual functional capacity ("RFC") a limitation in concentration, persistence, or pace found to exist by the administrative law judge. I recommend that the court vacate the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on September 13, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

status requirements of the Social Security Act through March 31, 2005, Finding 1, Record at 475; that he suffered from an anxiety disorder, with reported panic attacks and agoraphobia, and a substance addiction disorder in apparent remission, impairments that were severe but which did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 475-76; that he had the RFC to perform a full range of work at all exertional levels, while able to understand and remember basic, routine, repetitive, up to 4-step instructions, to execute such instructions for 2-hour periods during the course of a normal workday and workweek, to interact with coworkers and supervisors in a normal work setting, to tolerate occasional brief and superficial interaction with the general public, and to adapt to occasional routine changes in the workplace, Finding 5, *id*. at 477; that he had no past relevant work, Finding 6, *id*. at 480; that, given his age (a younger individual on the alleged disability onset date), at least a high school education, and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*.; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, at any time from October 1, 2001, the alleged disability onset date, through the date of the decision, Finding 11, *id*. at 481. The decision was selected for review by the Decision Review Board. *Id*. at 470. There is no indication in the record of any action or inaction by the Board thereafter. At oral argument, counsel agreed that the court could assume that the Board did not complete its review in the time allotted, and that the administrative law judge's decision has become the final determination of the commissioner. 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v.*

*Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(g), 416.920(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Social Security Ruling 96-6p

The plaintiff first challenges the administrative law judge's alleged failure "to adopt or distinguish the mental limitations found by the agency consultant Lewis F. Lester, Ph.D." Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Itemized Statement") (Docket No. 8) at 2. He asserts that Dr. Lester limited him to simple tasks and no contact with the public, while the administrative law judge, without mentioning Dr. Lester's analysis, limited him to basic, routine, repetitive, up to 4-step instructions and occasional brief and superficial interaction with the general public, which he characterizes as "less limiting than Dr. Lester's limitation." *Id*. at 3. Further, he contends, "vocational evidence would be necessary to determine the impact of Dr. Lester's limitations." *Id.* He does not say how this violates the Social Security ruling that he invokes, SSR 96-6p, but, at oral argument, his attorney confirmed

3

that he relies on the provision of that ruling to the effect that an administrative law judge may not ignore the opinions of state-agency medical consultants and must explain the weight given to those opinions in his or her decision. Social Security Ruling 96-6p ("SSR 96-6p"), reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2011) at 129.

The only state-agency reviews in the record are those of Lewis F. Lester, Ph.D., discussing the plaintiff's mental impairments, and Richard T. Chamberlin, M.D., concerning his physical impairments. Record at 319-344. Both were completed in 2006. *Id*. at 319, 344. No new reviews were apparently undertaken when this case was remanded for consideration by an administrative law judge different from the judge who first considered the plaintiff's claim. Dr. Lester found that the plaintiff "can understand and remember simple, repetitive tasks and procedures. . . . His anxiety and depression preclude complex or detailed tasks." *Id*. at 335. He also found that the plaintiff "cannot interact with the public due to his anxiety and depression[.]" *Id*.

Without mentioning Dr. Lester's evaluation specifically, or either state-agency review generally, the administrative law judge found that the plaintiff "is able to understand and remember basic routine, up to 4 step instructions" and "can tolerate occasional brief and superficial interaction with the general public[.]" *Id*. at 477. Thus, the administrative law judge's opinion fails to comply with SSR 96-6p, and ordinarily, this failure would require remand.

At oral argument, counsel for the commissioner argued that this failure was a harmless error, because, when the administrative law judge posed a second hypothetical question to the vocational expert at the hearing, the expert identified three jobs that would be available to the plaintiff if he was able to execute "basic routine, repetitive tasks up to four steps for two hour

blocks throughout the course of a normal workday and workweek" but could not interact with the general public. *Id*. at 516-17. One of the jobs, final assembler, optical goods industry, has a General Educational Development ("GED") level of 1, *Dictionary of Occupational Titles* (U.S. Dep't of Labor, 4th ed. rev. 1991), § 713.687-018. That level, as counsel for the commissioner pointed out, corresponds to simple tasks. *See Vining v. Astrue*, 720 F.Supp.2d 126, 135 (D. Me. 2010). Counsel argued persuasively that the job's requirement of only simple tasks corresponds to Dr. Lester's limitation in that regard.

Because the availability of a single job, and of this job in particular, has been found sufficient in this district, *id*. at 136-38, any error by the administrative law judge in this context is harmless, and remand is not required under the circumstances of this case. *See generally Pechatsko v. Commissioner of Soc. Sec.*, 369 F.Supp.2d 909, 910-11 (N.D. Ohio 2004).

### B. Raw Medical Evidence

The plaintiff's second attack on the administrative law judge's conclusions about his mental impairments is based on the contention, Itemized Statement at 3-4, that the administrative law judge's limitations to "basic routine, repetitive up to 4 step instructions" and to "occasional brief and superficial interaction with the general public" are not supported by any medical evidence in the record and, therefore, can only have resulted from the administrative law judge's own interpretation of the raw medical evidence, which is forbidden. *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990); *Eshelman v. Astrue,* No. 06-107-B-W, 2007 WL 2021909, at *2 (D. Me. July 11, 2007), *aff'd* July 31, 2007.

The administrative law judge does say that the RFC that he assigned to the plaintiff was "based on the credible medical evidence as well as the claimant's ability to attend and succeed in this demanding program [of drug rehabilitation at the Discovery House]." Record at 480. But,

5

without more specific explication of what medical evidence is referenced, and how an ability to attend and succeed in a program at Discovery House supports a limitation to "up to 4 step instructions" and "occasional brief and superficial interaction with the public[,]" the opinion violates the proscription against interpreting raw medical evidence, a basic precept of Social Security law.

However, the error is also harmless for the reason discussed above – the evidence shows that at least one job requiring a lesser level of instructions and no public interaction was available to the plaintiff.

### C. Limitation in Concentration, Persistence, or Pace

Finally, the plaintiff contends, Itemized Statement at 4-5, that the RFC assigned to him by the administrative law judge fatally fails to include his finding that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties." Record at 476. He asserts that the limitation in the RFC to basic, routine, up to 4-step instructions is not an appropriate analogue for this finding.

In support of this argument, the plaintiff attempts to distinguish, as he must, Judge Kravchuk's recommended decision in *Fallon v. Social Sec. Admin. Comm'r*, No. 1:10-cv-58-JAW, 2011 WL 167039, at *6-*8 (D. Me. Jan. 14, 2011, *aff'd* February 18, 2011) (Docket No. 15), by asserting that the court in that case found support in the record for the administrative law judge's conclusions. As was the case in *Fallon*, in this case the administrative law judge made an unfavorable evaluation of the plaintiff's credibility. *Compare* 2011 WL 167039 at *8 *with* Record at 478-79. However, no medical support for the 4-step limitation as a reasonable interpretation of the moderate limitation on concentration, persistence, or pace is readily apparent from the record.

6

I agree with the plaintiff that there is no showing in this record of the process by which this moderate difficulty became a limitation to 4-step instructions.  Counsel for the commissioner asserted at oral argument that the administrative law judge merely "took the middle ground" between the opinions of the two state-agency opinions concerning mental limitations, but that does not answer the question of how, and, more importantly, whether the moderate limitation which the administrative law judge found to exist equates to the 4-step limitation.  This oversight is not remedied by the vocational expert's testimony, as were the two alleged errors discussed previously, because it is not apparent that this limitation would not exist independently of the 4-step limitation included in the RFC by the administrative law judge.

For this reason, remand is required.

### II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent with this opinion.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 29th day of September, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge